BYE, Circuit Judge,
dissenting.
I agree with my panel colleagues’ observation as to the Supreme Court’s jurisprudence failing to provide clear direction in determining whether the Sixth Amendment precludes a federal court from using an uncounseled tribal court misdemeanor conviction to prove the elements of a subsequent federal offense. The majority’s opinion exhaustively covers the subject matter and aptly describes the tension in the decisions which we must consider. I can also agree the lack of clarity means reasonable decision-makers are likely to differ on the conclusions they reach with respect to allowing or prohibiting such use of an uncounseled tribal court conviction. I disagree with the conclusion reached by the majority, however, and therefore respectfully dissent.
The Sixth Amendment requires courts to furnish counsel for indigent criminal defendants whenever they face the possibility of a deprivation of liberty; the failure to provide counsel in such situations violates the Due Process Clause. See Gideon v. Wainwright, 372 U.S. 335, 339-45, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (requiring counsel for indigent defendants facing felony charges); Argersinger v. Hamlin, 407 U.S. 25, 37, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) (extending the rule in Gideon to any criminal charge which actually leads to imprisonment for any period of time). In Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), the Supreme Court said “[t]o permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense ... is to erode the principle of that case.” Id. at 115, 88 S.Ct. 258. After Burgett, the Supreme Court nonetheless eroded Gideon by allowing uncounseled convictions to be used to enhance a sentence in a subsequent conviction. See Nichols v. United States, 511 U.S. 738, 747, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994) (“Reliance on such a conviction is also consistent with the traditional understanding of the sentencing process, which we have often recognized as less exacting than the process of establishing guilt.”).
I do not believe, however, the Supreme Court has eroded the other half of Gideon, that is, the prohibition on using an uncounseled conviction to support guilt for another offense. In Lewis v. United States, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 *607 (1980), the Supreme Court held such a use was permissible only because the uncounseled conviction was being used to support what the Court characterized as an “essentially civil disability,” i.e., the prohibition on a felon’s possession of a firearm. Id. at 67, 100 S.Ct. 915. The Court justified the use of an uncounseled conviction to impose a criminal sanction to enforce a civil disability by explaining Congress could rationally include uncounseled convicted felons “among the class of persons who should be disabled from dealing in or possessing firearms because of potential dangerousness.” Id.
Section 117 of Title 18 cannot be characterized as merely imposing a civil disability on a certain class of potentially dangerous persons — the statute is clearly aimed at recidivist criminal behavior where prior offenses are necessary and integral elements of a subsequent federal offense. In such a situation, I submit, the reliability of a prior conviction matters. See United States v. Mendoza-Lopez, 481 U.S. 828, 833, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987) (prohibiting the use of an uncounseled deportation proceeding to prove “an element of the crime” in a subsequent criminal prosecution).
There remains the problem that an uncounseled misdemeanor conviction obtained in tribal court does not directly implicate the Sixth Amendment. I nonetheless believe such a conviction should be treated as involving a constitutional violation where it is used to prove an element of an offense in a subsequent federal court proceeding where the Sixth Amendment is implicated. As to such a proposition, I find persuasive United States v. Ant, 882 F.2d 1389 (9th Cir.1989), where the Ninth Circuit prohibited the use of an uncounseled tribal court guilty plea to prove the elements of a subsequent federal charge because “the tribal court guilty plea was made under circumstances which would have violated the United States Constitution were it applicable to tribal proceedings.” Id. at 1390. In this case, the district court correctly observed, “[t]he issue before the Court is not to question the validity of the tribal court proceedings or question the tribal justice system, but instead to evaluate whether the convictions satisfy constitutional requirements for use in a federal prosecution in federal court.” United States v. Cavanaugh, 680 F.Supp.2d 1062, 1075 (D.N.D.2009). I am not convinced by the majority opinion’s attempts to distinguish Ant on the ground the federal prosecution for manslaughter involved therein arose out of the same alleged incident involved in tribal court. In my view, the key in both cases involves the use of the prior proceeding to prove an element of a subsequent federal offense. See Burgett, 389 U.S. at 115, 88 S.Ct. 258 (prohibiting the use of a “conviction obtained in violation of Gideon v. Wainurright to be used against a person ... to support guilt ... for another offense”).
I respectfully dissent.